United States District Court
Southern District of Texas

| | | | |
|---|---|---|---|
| **ENTERED**<br>September 07, 2022<br>Nathan Ochsner, Clerk | **Transfer of Jurisdiction** | | Case Number (Trans. Court)<br>3:20-CR-00183-M(2)<br><br>Case Number (Rec. Court)<br>**B-22-734** |

| Name Of Probationer/Supervised Releasee<br><br>**Rene S Rangel-Manjarrez** | District<br>Northern District of Texas | | Division<br>Dallas |
|---|---|---|---|
| | Name of Sentencing Judge<br>Chief U.S. District Judge Barbara M.G. Lynn | | |
| | Dates Of Probation/<br>Supervised Release | From<br>March 18, 2021 | To<br>March 17, 2024 |

Offense

False Statement During Purchase of Firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## PART 1 - ORDER TRANSFERRING JURISDICTION

U.S. District Court For The **Northern District of Texas, Dallas Division**

IT IS HEREBY ORDERED that pursuant to 18 USC § 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the U.S. District Court for the Southern District of Texas, Brownsville Division, upon that Court's order of acceptance of jurisdiction.

This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

_____8/8/22._____        _____
Date                           Chief U.S. District Judge

   *This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

U.S. District Court For The **Southern District of Texas, Brownsville Division**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

__August 22, 2021_____        _Fernando Rodriguez, Jr._
**Effective Date**             Fernando Rodriguez, Jr.
                               United States District Judge

Prob22 (Revised 12/12/14)                                    *Page 1 of 1*

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS DALLAS DIVISION    **B:22-CR-734**

| | |
|---|---|
| UNITED STATES OF AMERICA | § **JUDGMENT IN A CRIMINAL CASE** |
| | § |
| v. | § |
| | § Case Number: **3:20-CR-00183-M(2)** |
| | § USM Number: **60213-177** |
| **RENE S RANGEL-MANJARREZ** | § **Ezekiel Tyson** |
| Defendant. | § Defendant's Attorney |
| | § |

**THE DEFENDANT:**

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☒ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | **Counts 1 and 2 of the Superseding Information, filed September 20, 2020.** |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| **18 U.S.C. §§ 922(a)(6) and 924(a)(2)** False Statement During Purchase of Firearm | **03/13/2020** | **1s** |
| **18 U.S.C. §§ 922(a)(6) and 924(a)(2)** False Statement During Purchase of Firearm | **03/13/2020** | **2s** |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐    The defendant has been found not guilty on count(s)

☒    **The original Indictment is dismissed on the motion of the United States.**

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**March 11, 2021**
Date of Imposition of Judgment

Signature of Judge

**BARBARA M. G. LYNN**
**CHIEF UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**March 15, 2021**
Date

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case                                Judgment -- Page 2 of 7

DEFENDANT:          RENE S RANGEL-MANJARREZ
CASE NUMBER:        3:20-CR-00183-M(2)                          **B:22-CR-734**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**THIRTEEN (13) MONTHS as to Counts 1 and 2, to run concurrently.**

☐    The court makes the following recommendations to the Bureau of Prisons:

☒    **The defendant is remanded to the custody of the United States Marshal.**

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at                    ☐    a.m.    ☐    p.m.    on

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on
    ☐    as notified by the United States Marshal.
    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

    Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

13

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case                                                    Judgment -- Page 3 of 7

DEFENDANT:          RENE S RANGEL-MANJARREZ                              **B:22-CR-734**
CASE NUMBER:        3:20-CR-00183-M(2)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **THREE (3) YEARS on each count, to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4.  ☐  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5.  ☒  You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6.  ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7.  ☐  You must participate in an approved program for domestic violence. (*check if applicable*)

8.  You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9.  If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

    You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case                                    Judgment -- Page 4 of 7

DEFENDANT:          RENE S RANGEL-MANJARREZ                          **B:22-CR-734**
CASE NUMBER:        3:20-CR-00183-M(2)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

15

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case                          Judgment -- Page 5 of 7

DEFENDANT:          RENE S RANGEL-MANJARREZ                **B:22-CR-734**
CASE NUMBER:        3:20-CR-00183-M(2)

## SPECIAL CONDITIONS OF SUPERVISION

**If you are ordered deported from the United States, you must remain outside the United States, unless legally authorized to re-enter. If you re-enter the United States, you must report to the nearest probation office within 72 hours after you return.**

**The defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment) at the rate of at least $10 per month.**

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case                                    Judgment -- Page 6 of 7

DEFENDANT:          RENE S RANGEL-MANJARREZ                              **B:22-CR-734**
CASE NUMBER:        3:20-CR-00183-M(2)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments page.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $200.00 | $.00 | $.00 | $.00 | $.00 |

☐   The determination of restitution is deferred until        An *Amended Judgment in a Criminal Case (AO245C)* will be entered
after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐   Restitution amount ordered pursuant to plea agreement $

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐      the interest requirement is waived for the      ☐   fine              ☐   restitution

☐      the interest requirement for the              ☐   fine              ☐   restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

17

AO 245B (Rev. TXN 9/19) Judgment in a Criminal Case                                    Judgment -- Page 7 of 7

DEFENDANT:          RENE S RANGEL-MANJARREZ                       **B:22-CR-734**
CASE NUMBER:        3:20-CR-00183-M(2)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**    ☐    Lump sum payments of $ _____ due immediately, balance due

    ☐    not later than _____ , or

    ☐    in accordance    ☐    C,    ☐    D,    ☐    E, or    ☐    F below; or

**B**    ☐    Payment to begin immediately (may be combined with    ☐    C,    ☐    D, or    ☐    F below); or

**C**    ☐    Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**    ☐    Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**    ☐    Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    ☒    Special instructions regarding the payment of criminal monetary penalties:
**It is ordered that the Defendant shall pay to the United States a special assessment of $200.00 for Counts 1s and 2s , which shall be paid immediately.  Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several
See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.
☐    The defendant shall pay the following court cost(s):
☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

B:22-CR-734

**ORIGINAL**

U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT 2020 SEP -9 AM 9: 46
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEPUTY CLERK_____

| | |
|---|---|
| UNITED STATES OF AMERICA | 3: 20-Cr. 183-M |
| v. | Criminal Case No. ~~3:19-CR-142-N~~ |
| RENE S. RANGEL-MANJARREZ (2) | *Superseding Information (supersedes indictment filed May 6, 2020)* |

### SUPERSEDING INFORMATION

Count One
False Statement During Purchase of Firearm
(Violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2))

On or about January 31, 2020, in the Southern District of Texas, the defendant, **Rene S. Rangel-Manjarrez**, in connection with the acquisition of a firearm, to wit: a Barrett rifle, model M82Al, .50 caliber, with serial number AA009613, from the Gun Boss, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to The Gun Boss, which statement was intended and likely to deceive the Gun Boss, as to a fact material to the lawfulness of such sale and acquisition of the said firearm to the defendant under chapter 44 of Title 18, in that the defendant represented did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, to the effect that that she was the actual buyer of the firearms indicated on the Form 4473, when in fact as the defendant then knew, he was not the

**SUPERSEDING INFORMATION – Page 1**

7

**B:22-CR-734**

actual buyer of the firearm; in violation of Title 18, United States Code, Sections

922(a)(6) and 924(a)(2).

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

**SUPERSEDING INFORMATION – Page 2**

**B:22-CR-734**

<u>Count Two</u>
False Statement During Purchase of Firearm
(Violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2))

On or about March 13, 2020, in the Southern District of Texas, the defendant,

**Rene S. Rangel-Manjarrez**, in connection with the acquisition of a firearm, to wit:  a

Barrett rifle, model 82A1, .50 caliber, with with serial number AA009624, from the Gun

Boss, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United

States Code, knowingly made a false and fictitious written statement to The Gun Boss,

which statement was intended and likely to deceive the Gun Boss, as to a fact material to

the lawfulness of such sale and acquisition of the said firearm to the defendant under

chapter 44 of Title 18, in that the defendant represented did execute a Department of

Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms

Transaction Record, to the effect that that she was the actual buyer of the firearms

indicated on the Form 4473, when in fact as the defendant then knew, he was not the

actual buyer of the firearm; in violation of Title 18, United States Code, Sections

922(a)(6) and 924(a)(2).

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

**SUPERSEDING INFORMATION – Page 3**

**B:22-CR-734**

Forfeiture Notice
[18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)]

Upon conviction for the offenses alleged in this indictment and pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), defendant, **Rene S. Rangel-Manjarrez**, shall forfeit to the United States of America the firearms and ammunition involved in the commission of the respective offense, including but not limited to the following:

1) a Barrett rifle, model M82Al, .50 caliber, with serial number AA009613;

2) a Barrett rifle, model 82A1, .50 caliber, with serial number AA009624,

3) Ammunition and/or magazines found with the firearm.

4) U.S. currency in the amount of $250.00 seized from Rene S. Rangel-Manjarrez.

**SUPERSEDING INFORMATION – Page 4**

**B:22-CR-734**

AGREED TO AND SIGNED this ___9th___ day of ___September___ 2020.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY


PHELESA M. GUY
Assistant United States Attorney
Texas State Bar No. 00798230
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.659.4100
Email: Phelesa.Guy@usdoj.gov


RICK CALVERT
Section Chief

**SUPERSEDING INFORMATION -- Page 5**

11

**B:22-CR-734**

RAMIREZ

# U.S. District Court
## Northern District of Texas (Dallas)
## CRIMINAL DOCKET FOR CASE #: <u>3:20–cr–00183–M–2</u>

Case title: USA v. Hernandez et al

Magistrate judge case number:  3:20–mj–00257–BK

Date Filed: 05/06/2020

Date Terminated: 03/16/2021

Assigned to: Chief Judge Barbara
M. G. Lynn

### Defendant (2)

| | | |
|---|---|---|
| **Rene S Rangel–Manjarrez**<br>*TERMINATED: 03/16/2021* | represented by | **Ezekiel Tyson , Jr**<br>Tyson Law Firm PLLC<br>942 W Montana Avenue<br>Dallas, TX 75224<br>214–942–9000<br>Fax: 214–942–9001<br>Email: tyson@tysonpc.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment*<br>*Bar Status: Admitted/In Good Standing* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18 USC § 371 (18 USC § 554 and 18 USC § 922(a)(1)(A)) Conspiracy to Smuggle Goods from the United States<br>(1) | Dismissed on the govt's oral motion. |
| 18 U.S.C. §§ 922(a)(6)and 924(a)(2) False Statement During Purchase of Firearm<br>(1s–2s) | BOP – 13 months on each count, to run concurrently; S/R – 3 years on each count, to run concurrently; MSA – $200 |
| 18 USC § 554 and 18 USC § 2 Smuggling Good from the United States<br>(2) | Dismissed on the govt's oral motion. |

### Highest Offense Level (Opening)

Felony

1

**B:22-CR-734**

**Terminated Counts**                              **Disposition**

None

**Highest Offense Level
(Terminated)**

None

**Complaints**                                     **Disposition**

Criminal Complaint

**Plaintiff**

USA                          represented by   **Phelesa M Guy–DOJ**
                                              US Attorney's Office
                                              1100 Commerce St
                                              3rd Floor
                                              Dallas, TX 75242
                                              214–659–8600
                                              Fax: 214–659–8809
                                              Email: phelesa.guy@usdoj.gov
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*
                                              *Designation: US Attorney's Office*
                                              *Bar Status: Not Admitted*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/16/2020 | 1 | | SEALED COMPLAINT (Clerk note: This case includes a request for the case to remain sealed until.) as to Jose Celbey Hernandez (1), Rene S Rangel–Manjarrez (2). (Attachments: # 1 Additional Page(s), # 2 Additional Page(s)) (mcrd) [3:20–mj–00257–BK] (Entered: 03/16/2020) |
| 03/16/2020 | 4 | | MOTION for Detention filed by USA as to Jose Celbey Hernandez, Rene S Rangel–Manjarrez. (mcrd) [3:20–mj–00257–BK] (Entered: 03/16/2020) |
| 03/16/2020 | 3 | | ORDER OF TEMPORARY DETENTION as to Rene S Rangel–Manjarrez. Detention Hearing set for 3/19/2020 01:00 PM in US Courthouse, Courtroom 1620, 1100 Commerce St., Dallas, TX 75242–1310 before Magistrate Judge Renee Harris Toliver. (Ordered by Magistrate Judge Renee Harris Toliver on 3/16/2020) (mcrd) [3:20–mj–00257–BK] (Entered: 03/16/2020) |
| 03/16/2020 | 7 | | CJA 20 Order appointing attorney. This appointment continues through any appeal unless counsel is relieved by court order for good cause shown – See Miscellaneous Order 3 Criminal Justice Act Plan. Within one week, the court will contact you via email and provide a link to the eVoucher System. Any work done on an appeal must be billed per circuit instructions. For questions, consult the CJA Attorney Information page or use the directory to contact the courtroom deputy of the appointing judge. Copies of public documents filed prior to this appointment may be obtained via PACER. (Ordered by Magistrate |

2

**B:22-CR-734**

| | | | |
|---|---|---|---|
| | | | Judge Renee Harris Toliver on 3/16/2020) (mcrd) [3:20–mj–00257–BK] (Entered: 03/16/2020) |
| 03/16/2020 | 14 | | Minute Entry for proceedings held before Magistrate Judge Renee Harris Toliver: Initial Appearance as to Rene S Rangel–Manjarrez held on 3/16/2020. Date of Arrest: 3/16/2020 Location interval set to: LC. Attorney Appearances: AUSA – Russell Fusco; Defense – Ezekiel Tyson. (No exhibits) Time in Court – :04. (Court Reporter: Digital File) (mcrd) [3:20–mj–00257–BK] (Entered: 04/11/2020) |
| 03/19/2020 | 10 | | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge Renee Harris Toliver: Detention Hearing as to Rene S Rangel–Manjarrez held on 3/19/2020 Location interval set to: LC. Attorney Appearances: AUSA – Phelsea Guy; Defense – Ezekiel Tyson. (No exhibits) Time in Court – :45 minutes. (Court Reporter: Digital File) (mcrd) [3:20–mj–00257–BK] (Entered: 03/19/2020) |
| 03/19/2020 | 11 | | ORDER OF DETENTION PENDING TRIAL as to Rene S Rangel–Manjarrez. (Ordered by Magistrate Judge Renee Harris Toliver on 3/23/2020) (mcrd) [3:20–mj–00257–BK] (Entered: 03/23/2020) |
| 05/06/2020 | 16 | | INDICTMENT with Forfeiture Notice as to Jose Celbey Hernandez (1) count(s) 1, 2, Rene S Rangel–Manjarrez (2) count(s) 1, 2. (axm) (Entered: 05/08/2020) |
| 05/15/2020 | 18 | | WAIVER OF PERSONAL APPEARANCE AT ARRAIGNMENT AND ENTRY OF PLEA OF NOT GUILTY by Rene S Rangel–Manjarrez (Tyson, Ezekiel) Enhanced text on 5/15/2020 (dsr). (Entered: 05/15/2020) |
| 05/15/2020 | 19 | | ORDER as to Rene S Rangel–Manjarrez: This Court finds that the Defendant and his counsel have signed a waiver and this Court hereby accepts the waiver of appearance at an arraignment hearing, and a plea of not guilty is entered on his behalf. (Ordered by Chief Judge Barbara M. G. Lynn on 5/15/2020) (mla) (Entered: 05/15/2020) |
| 05/15/2020 | 20 | | TRIAL SETTING ORDER as to Jose Celbey Hernandez, Rene S Rangel–Manjarrez: Jury Trial set for 7/13/2020 at 09:00 AM before Chief Judge Barbara M. G. Lynn. Pretrial Conference set for 7/13/2020 at 08:30 AM before Chief Judge Barbara M. G. Lynn. Motions due by 6/15/2020. Responses due by 6/22/2020. Pretrial Materials due by 7/6/2020. (Ordered by Chief Judge Barbara M. G. Lynn on 5/15/2020) (mla) (Entered: 05/15/2020) |
| 07/07/2020 | 24 | | ORDER TO CONTINUE in the Interest of Justice as to Jose Celbey Hernandez, Rene S Rangel–Manjarrez. Motions due by 8/31/2020. Pretrial Materials due by 9/21/2020. Responses due by 9/8/2020. It is therefore ordered that the trial of the case is reset to 9/28/2020 09:00 AM before Chief Judge Barbara M. G. Lynn. The final pretrial conference is reset for 9/28/2020 08:30 AM before Chief Judge Barbara M. G. Lynn. (Ordered by Chief Judge Barbara M. G. Lynn on 7/7/2020) (ykp) (Entered: 07/07/2020) |
| 09/09/2020 | 25 | | SUPERSEDING INFORMATION with Forfeiture Notice as to Rene S Rangel–Manjarrez (2) count(s) 1s–2s. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. (ykp) (Entered: |

3

**B:22-CR-734**

| | | | |
|---|---|---|---|
| | | | 09/10/2020) |
| 09/09/2020 | 26 | | WAIVER OF INDICTMENT by Rene S Rangel–Manjarrez (ykp) (Entered: 09/10/2020) |
| 09/09/2020 | 27 | | Venue Waiver by Rene S Rangel–Manjarrez (ykp) (Entered: 09/10/2020) |
| 09/09/2020 | 28 | | Factual Resume as to Rene S Rangel–Manjarrez (ykp) (Entered: 09/10/2020) |
| 09/09/2020 | 29 | | PLEA AGREEMENT as to Rene S Rangel–Manjarrez (ykp) (Entered: 09/10/2020) |
| 09/18/2020 | 31 | | ORDER SETTING GUILTY PLEA HEARING VIA VIDEO TELECONFERENCE as to Rene S Rangel– Manjarrez: Rearraignment set for 10/27/2020 11:40 AM before Magistrate Judge David L. Horan. (Ordered by Chief Judge Barbara M. G. Lynn on 9/18/2020) (axm) (Entered: 09/21/2020) |
| 10/27/2020 | 41 | | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge David L. Horan: Rearraignment Hearing as to Rene S Rangel–Manjarrez held on 10/27/2020. On the record under oath in open Court, the defendant waived the right to appear in person and consented to plead guilty by video conference before the U.S Magistrate Judge, after consulting with counsel. Further, on the record in open Court, the defendant consented to proceed before the U.S Magistrate Judge, to conduct the guilty plea as required by Rule 11, F.R.Cr.P. Plea entered by Rene S Rangel–Manjarrez (2) Guilty Count 1s–2s. Defendant remanded to custody. Location interval set to: LC. Attorney Appearances: AUSA – Phelesa Guy; Defense – Ezekiel Tyson, Jr. (No exhibits) Time in Court – :40. (Court Reporter: Shawn McRoberts) (mcrd) (Entered: 10/27/2020) |
| 10/27/2020 | 42 | | REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY as to Rene S Rangel–Manjarrez. (Ordered by Magistrate Judge David L. Horan on 10/27/2020) (mcrd) (Entered: 10/28/2020) |
| 10/28/2020 | 43 | | Sentencing Scheduling Order as to Rene S Rangel–Manjarrez: Presentence Investigation Report due by 1/19/2021. Objections to Presentence Investigation Report due by 2/2/2021. Presentence Investigation Addendum due by 2/16/2021. Objections to Presentence Investigation Addendum due by 2/23/2021. Sentencing set for 3/11/2021 01:30 PM before Chief Judge Barbara M. G. Lynn. (Ordered by Chief Judge Barbara M. G. Lynn on 10/28/2020) (ykp) (Entered: 10/28/2020) |
| 11/16/2020 | 45 | | AMENDED PLEA AGREEMENT as to Rene S Rangel–Manjarrez. (mla) (Entered: 11/17/2020) |
| 12/03/2020 | 47 | | Order Accepting 42 Report and Recommendation on Guilty Plea as to Rene S Rangel–Manjarrez. (Ordered by Chief Judge Barbara M. G. Lynn on 12/3/2020) (axm) (Entered: 12/04/2020) |
| 03/03/2021 | 60 | | ELECTRONIC NOTICE OF HEARING as to Rene S Rangel–Manjarrez: (TIME CHANGE ONLY) Sentencing set for 3/11/2021 09:00 AM before Chief Judge Barbara M. G. Lynn. (chmb) (Entered: 03/03/2021) |
| 03/11/2021 | 64 | | ELECTRONIC Minute Entry for proceedings held before Chief Judge Barbara M. G. Lynn: Sentencing held on 3/11/2021 for Rene S Rangel–Manjarrez (2): Counts 1 and 2 of the Superseding Information – The Defendant is sentenced to 13 months on each Count to run concurrently, followed by a term of 3 years |

4

**B:22-CR-734**

| | | | |
|---|---|---|---|
| | | | supervised release. The Defendant is ordered to pay a $100 MSA on each Count, for a total of $200. The original Indictment is dismissed on the government's oral motion. Attorney Appearances: AUSA – Phelesa Guy; Defense – Ezekiel Tyson. (No exhibits) Time in Court – 1:29. (Court Reporter: Debbie Kriegshauser) (USPO Reid.) (chmb) (Entered: 03/11/2021) |
| 03/16/2021 | 65 | | JUDGMENT as to Rene S Rangel–Manjarrez (2), Count(s) 1, 2, Dismissed on the govt's oral motion.; Count(s) 1s–2s, BOP – 13 months on each count, to run concurrently; S/R – 3 years on each count, to run concurrently; MSA – $200. (Ordered by Chief Judge Barbara M. G. Lynn on 3/16/2021) (ndt) (Entered: 03/16/2021) |
| 09/06/2022 | 67 | | ORDER TRANSFERRING PROBATION/SUPERVISED RELEASE JURISDICTION as to Rene S Rangel–Manjarrez pursuant to 18 USC 3605 with the records of this court TO the US District Court for Southern District of Texas, Brownsville Division FROM Northern District of Texas, Dallas Division upon order accepting jurisdiction. (Ordered by Judge Barbara M. G. Lynn on 9/6/2022) (ygl) (Entered: 09/06/2022) |